## Cooper, et al. v. McWilliams & Robinson, et al.

### (Decided October 11, 1927.)

### Appeal from Franklin Circuit Court.

1. Carriers.—To authorize granting certificate of convenience and necessity, motor bus line must be both convenient and necessary, and granting such certificate on finding by state commissioner of motor transportation that such line would be convenience to traveling public, without finding of necessity, was error.

2. Action.—Litigant should not be deprived of that to which he is entitled, because he asks for more than he is authorized to receive under law.

3. Carriers.—Where findings of state motor transportation commissioner show that he awarded motor bus line certificate because he thought finding of public convenience only was sufficient, without finding of public necessity, such award should be set aside, without remanding case to commission for further proceedings.

4. Carriers.—In proceeding to test validity of state motor transportation commissioner's award of motor bus line certificate, refusal of injunction was proper.

FRANK L. RIPY for appellants.

BRADLEY & BRADLEY and GUY A. HUGULETT for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

Carl Cooper is engaged in business under the assumed name of Cooper Bus Lines, and operates a bus line between Lawrenceburg and Lexington. Orvill Cooper is engaged in business under the assumed name of Law-

renceburg and Lexington Bus Line, and he also operates a bus line between Lawrenceburg and Lexington. George McWilliams and Jerome Robinson are engaged in business under the firm name of McWilliams and Robinson. Griffin Kelly is the commissioner of motor transportation for the commonmealth of Kentucky.

A certificate of public necessity and convenience for bus line service was issued by Kelly to Carl Cooper, authorizing Cooper to operate busses between Lawrenceburg and Lexington. Thereafter Carl Cooper transferred or assigned to Orvill Cooper the right to operate one-half of the schedules as fixed by Kelly for the government of the bus line operated by Carl Cooper. This assignment was approved by Kelly. Thereafter Carl Cooper operated his busses on one-half of the fixed schedules, and Orvill Cooper operated his busses on the other half of the schedule.

Matters thus continued until September, 1926, when McWilliams & Robinson gave notice that they would make application to Kelly, in his official capacity, for a certificate of public convenience and necessity, authorizing them to operate a bus line between Lawrenceburg and Lexington. Carl Cooper appeared and protested against the granting of the certificate, and undertook to show to the commissioner, by his affidavit and the affidavits of others, that the Coopers were operating a bus line between the towns mentioned, which was already sufficient for the necessity and convenience of all persons seeking transportation between the two towns. He also agreed at the hearing that, if any additional service was found necessary by the commissioner, he was willing and able to furnish such additional service to the traveling public. McWilliams & Robinson offered evidence in the nature of affidavit showing that there was a public necessity for additional bus services, and that additional bus service would be a convenience between the two points. Kelly, in his official capacity, made a finding of law and facts, after having made an "outside" investigation, which we understand to mean an investigation on his own part, separate from the fact developed at the hearing. He found that the Coopers were giving satisfactory and adequate service on the schedules on which they were at the time of the application operating, but, in his opinion, the proof offered by McWilliams & Robinson showed that the privilege sought by them was convenient for the traveling

public. His finding of facts was that it would be a convenience to the traveling public if the applicants should be allowed to operate a bus line between the two cities, but he did not find such operation to be a public necessity. His findings on questions of law show that he so construed the law as to authorize him to grant a certificate to operate a bus line, where one was already authorized, if it was either necessary or convenient. He was of the opinion that it was his duty to grant the certificate if it was both necessary and convenient, or, if it was *only* convenient, still it was his duty to grant the certificate, whether or not he found that public necessity demanded it.

His decision on this question was prior to the decision of this court in the case of the Red Star Transportation Co. v. Red Dot Coach Lines, 220 Ky. 424, 295 S. W. 419. In that case this court held there must exist a public necessity *and* convenience to authorize the commissioner to grant a certificate to operate over a line where bus service had been legally established. The Coopers filed their petition and appeal in the Franklin circuit court, as is provided by the law governing such matters. Upon a hearing in the Franklin circuit court their petition was dismissed, and the action of the commissioner was confirmed. The judgment of the court is not in conformity with the opinion of this court in the case above cited, and for that reason must be reversed.

It is argued that appellants sought an injunction to which they were not entitled. That is true, but a litigant should not be deprived of that to which he is entitled, because he asks for more than he is authorized to receive under the law. The lower court passed on the appeal, and confirmed the acts of the commisssioner.

It is further argued that, if it should be held that the commissioner acted improperly in awarding the certificate, in that he granted it because, under his construction of the law, it was his duty to do so, if additional services were required as a matter of convenience, the lower court should be directed to remand the mater to the commissioner for further proceedings. That would be proper, if it should appear that the commissioner had failed to consider all matters proper for consideration in relation to this question; but the findings of the commissioner show that he granted the certificate because, in his opinion, it was his duty to do so, whether he found that

public necessity required it or not. The judgment of the lower court should set aside the order, decision, and award of the commissioner. The lower court ruled properly in refusing to grant an injunction, as there seems to be no provision of law authorizing an injunction in such proceedings.

Judgment is reversed, and the case remanded, for proceedings consistent with this opinion.