## Barnes v. Consolidated Coach Corporation.

(Decided March 6, 19'28.)

### Appeal from Franklin Circuit Court.

1. Carriers.—Under Ky. Stats., Supp. 1926, sec. 2739j3, certificate of public necessity and convenience held properly refused for proposed bus line between Bardstown and Louisville, in view of existing service, where proposed line would establish hourly schedule instead of existing two-hour schedule.

2. Carriers.—State commissioner of motor transportation has discretion in passing on applications for permit to operate bus lines, and his judgment, when approved by circuit court, will not be disturbed by Court of Appeals unless against the weight of the evidence.

E. N. FULTON and JAMES P. MILLER for appellant.

R. W. KEENON, OSSO W. STANLEY and GUY A. HUGUELET for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

On November 4, 1926, J. W. Barnes, Jr., made application for a permit to operate a motor bus line between Bardstown and Louisville, Ky. The application was refused by the commissioner, and thereupon Barnes brought this suit in the Franklin circuit court to set aside the judgment of the commissioner. The circuit court, on hearing the case, approved the judgment of the commissioner. Barnes appeals.

The facts are these: On April 22, 1926, a permit was issued to the Safety Motor Carriers to operate a motor bus line between Bardstown and Louisville. On September 25, 1926, a like permit was issued to the Reo Bus Lines Company. On the same day a contract was made between the Reo Bus Lines Company and the Safety Motor Carriers looking to the consolidation of the

two lines into another company when the money for this purpose was raised. Under the permit issued to these companies, a bus left Louisville and Bardstown at intervals of two hours during the day, making six busses each way, some of the runs being made by one company and some by the other. Thus things stood when Barnes made his application on November 4. The Safety Motor Carriers and the Reo Bus Lines Company each filed before the commissioner a protest to the application of Barnes on the ground that the public convenience and necessity did not warrant the additional service. Later the Consolidated Coach Corporation filed a like protest showing that it was operating the permit granted to the two first companies. A large amount of proof was taken by depositions on the question of convenience and necessity for an additional line. The contract of September 25 was finally carried out by the raising of the money early in January, 1927, and, the rights of these two companies having been vested in the Consolidated Coach Corporation, on January 13, a permit was issued to it to operate a bus line from Louisville to Bardstown on the same schedule as the other two companies. The case came on for hearing before the commissioner on January 27, 1927, and he held under all the evidence as follows:

"The evidence shows that there was some complaint of the service, prior to the time that the Consolidated Coach Corporation started operating this line, but since that time adequate and comfortable busses have been put on the line, and the evidence fails to disclose any complaint since then. It must be remembered that, no matter how many lines were operating over a route, any number of persons could be found who would say that more busses would be more convenient. But the use of the roads must also be taken into consideration, and if the public is being adequately served by the holders of permits, it does not seem that further permits should be issued merely because certain persons may think it would be more convenient. In the opinion of the commissioner, this is all the testimony for the applicant shows, and it is the finding of the commissioner that the traveling public is being adequately served by the present operation of the line, and that there is no showing within the meaning of the act requiring the issuance of a permit to the applicant."

The case turns on the proper construction of section 2739j3, Kentucky Statutes, Ky. St. Supp. 1926. The proper construction of that section was before this court in Red Star Transportation Co. v. Red Dot Coach Lines et al., 220 Ky. 424, 295 S. W. 419. In that case it was held that to warrant the issuing of a permit it must be a necessity and convenience for the public. In that case it was further held that section 4 of that act (Ky. St. Supp. 1926, sec. 2739j4) is a limitation upon the number of companies entitled to permits, and it is not intended to direct the commissioner to foster competition by giving permits to two companies in all cases. That case was followed in Cooper v. McWilliams & Robinson, etc., 221 Ky. 320, 298 S. W. 961. These two opinions settle all the questions of law made in this case and leave only the questions of fact. In the first case, under facts not unlike those shown here, the court sustained the refusal of the commissioner to grant a permit, and said:

"Applying the above definitions to the facts of this case, it is clear that there are ample facilities and conveniences for all through travel, and no lack of facilities for local travel. But if the proposed route is established, there will be an hourly bus schedule each way over the Butler road instead of a two-hour schedule as now exists, and this will be an added convenience to some of the patrons living along the route. This is not sufficient. The statute calls for a *public* not a *private* convenience, and authorizes a permit only where the public is concerned, and this cannot be granted for the convenience of one or more individuals, and the commissioner properly so held."

There is little real conflict of evidence in the case. It shows that an additional line running busses more frequently than one every two hours would be something of a convenience, but the proof conclusively shows that busses every two hours are as much as are really necessary. These busses are now only about one-third full most of the time. The commissioner is given a discretion in this class of cases, and his judgment when approved by the circuit court will not be disturbed here unless against the weight of the evidence.

Judgment affirmed.