## Shorty's Bus Line et al. v. Gibbs Bus Line Incorporated et al.

(Decided February 17, 1931.)

E. C. O'REAR, R. W. KEENON and ALLEN PREWITT for appellants.

LESLIE W. MORRIS for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE LOGAN— Affirming in part and reversing in part.

The Smith Motor Coach Company obtained from the commissioner of motor transportation of Kentucky a certificate authorizing it to operate a line of motorbusses between Fulton, Ky., and Wickliffe, Ky., some time in 1931. Later that company assigned the certificate, with the approval of the commissioner of motor transportation, to W. H. McNeally, who conducts the operation under the assumed name of Shorty's Bus Line. Later the Gibbs Bus Line, a Tennessee corporation, made application for a certificate to operate a motorbus line between Fulton and Wickliffe over the same route covered by the certificate previously granted to the Smith Motor Coach Company. The application was favorably considered and a certificate granted to the Gibbs Bus Line Company in 1930.

This action is to test the authority of the commissioner of motor transportation to grant the certificate under the facts presented to him. It is alleged that he acted without and in excess of his power in granting the certificate to the Gibbs Bus Line, and that the order and award is not in corformity with the provisions of the law governing the granting of such certificates. His findings of law and facts are attacked in the petition for review filed in the circuit court.

The order granting the certificate to the Gibbs Bus Line, after reciting the facts as to the schedules, concludes with this language:

"It was shown to the satisfaction of the Commissioner that the two additional schedules would be a convenience and may be deemed a necessity to the traveling public between Martin, Tennessee, Wickliffe, Kentucky, and Cairo, Illinois, and that they would not to any great extent interfere with the schedules of the Shorty's Bus Line."

It appears from the record that the Gibbs Bus Line was granted a certificate to operate busses between Martin, Tenn., Wickliffe, Ky., and Cairo, Ill. So far as the certificate relates to interstate business, it is an interstate permit, and it has been held by the Supreme Court of the United States that a state cannot prohibit the use in

interstate commerce of motor vehicles by common carriers for hire over regular routes. A state cannot require such common carriers to secure a certificate of public convenience and necessity. Buck v. Kuykendall, 267 U. S. 307, 45 S. Ct. 324, 69 L. Ed. 623, 38 A. L. R. 286. Neither can a state deny the interstate use of a highway for such purposes merely because existing state lines of transportation would be prejudiced thereby. George W. Bush & Sons Co. v. Maloy, 267 U. S. 317, 45 S. Ct. 326, 327, 69 L. Ed. 627.

The privilege of the interstate operation of motor vehicles for hire is not controlled by the laws of Kentucky. It is only the privilege of operating motor vehicles for hire between points within the state that is controlled by the laws of this state. The certificate granted to the Gibbs Bus Line to operate interstate motor vehicles for hire is valid as it affects the transportation of passengers from the state of Tennessee to any point in the state of Kentucky, or as it affects the transportation of passengers from any point on the route in Kentucky to any point outside of Kentucky. A passenger boarding one of the busses in Tennessee may be carried to a point of destination along the line anywhere between Fulton and Wickliffe under the interstate certificate, and any passenger boarding a bus at a point between Fulton and Wickliffe with a destination outside of the state may be accepted as a passenger under the interstate certificate. Red Diamond Bus Line Company et al. v. Cannon Ball Transportation Company et al., 233 Ky. 482, 26 S. W. (2d) 28. The judgment of the circuit court confirming the action of the commissioner of motor transportation in granting the interstate certificate must be affirmed.

As to the intrastate certificate, the question must be determined from the evidence. The commissioner before granting the certificate was not only required to find from the facts that it would be a convenience, but also that it was a necessity. Cooper et al. v. McWilliams & Robinson et al., 221 Ky. 320, 298 S. W. 961; Red Star Transportation Company v. Red Dot Coach Lines, 220 Ky. 424, 295 S. W. 419.

The commissioner found that the two additional schedules which he allowed by the certificate which he granted to the Gibbs Bus Line would be a convenience, but he did not say in so many words, or at all, that they

were a necessity. His finding is to the effect that, because they would be a convenience, they may be, therefore, deemed a necessity. That was not a finding that they were a necessity.

Neither do we conclude that the evidence justified a finding by the commissioner that the two additional schedules were a necessity. It is true that there was evidence that Shorty's Bus Line had not made its schedules with regularity, but this was explained by other evidence that a part of the road was in bad condition by reason of a defective or absent, bridge, or culvert, which had necessitated a detour. After the road was repaired there appears no further complaint of the failure to make the schedules. There are two busses each day each way between Fulton and Wickliffe operated by Shorty's Bus Line. There is no proof that it was necessary to make a greater number of trips to carry passengers desiring to travel. There was no proof that passengers who desired to ride on the busses were unable to find seats. There was no proof of crowding. The proof amounts to no more than a statement by some of the witnesses that more frequent busses would enable persons along the route to go to and from points on the route with more convenience. To show a necessity for additional trips, it is necessary to show that the scheduled trips do not take care of the travel. To show that a traveler could get to a place and return from it more conveniently does not show a necessity. Shorty's Bus Line expressed a willingness to conform to the requirements of the commissioner of motor vehicles, and while that may not have been sufficient, if other necessary facts appeared, to have prevented the granting of the certificate to the Gibbs Bus Line, it is persuasive that, if there was a real necessity for additional trips, they could be taken care of. The public should be served, but destructive competition may prevent the best service to the public. Ordinarily, where there is a necessity for additional trips, it would mean that the holder of the certificate over the route, if able to do so, would establish additional schedules, as it would mean a greater income. Weighing all of the circumstances, we have reached the conclusion that the evidence did not establish the necessity for an intrastate certificate to the Gibbs Bus Line, and on this branch of the case the judgment must be reversed and remanded for proceedings consistent with this opinion.

498

Judgment affirmed in part and reversed in part, and the appellants will pay one-half of the cost and the appellees one-half of the cost of this appeal.