# Consolidated Coach Corporation v. Kentucky River Coach Company et al.

## Same v. United Coach Corporation et al.

(Decided May 5, 1933.)

R. W. KEENON and W. H. TOWNSEND for appellant.

W. B. EARLY for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Affirming in part and reversing in part.

By sections 2739j-2, 2739j-3 and 2739j-4 Kentucky Statutes, it is provided that no one shall operate any motor-propelled vehicle for the transportation of persons for compensation on any public highway in the state without having first obtained, from the commissioner of motor transportation, a certificate declaring that the public convenience and necessity requires such operation. The commissioner is given power to issue to any applicant a certificate of public convenience and necessity or to refuse to issue it, or to issue it for the partial exercise of the privilege sought, and subject to such terms and conditions as in his judgment the public convenience and necessity require. It is the duty of the commissioner to refuse any application for a permit over a route where there have been already two or more lines established, unless it is shown to the satisfaction of the commissioner that the existing operations are not sufficient to take care of the traveling public.

By section 2739j-14, applications for a permit are to be heard before the commissioner upon reasonable notice to all parties interested. By section 2739j-15, upon granting or refusing an application, he shall make a written statement of the finding of facts, rulings of law; and other matters pertinent to the question at issue, which shall be filed with the proceedings. By section 2739j-16, he has authority to issue subpœnas and compel the attendance of witnesses, and from his decision an appeal may be taken to the Franklin circuit court and from that court to the Court of Appeals.

About the last of April, 1930, the appellant, Consolidated Coach Corporation, made application for a permit to operate a motorbus line between the towns of Whitesburg and Harlan. About the same time, application was also made by the appellee, Kentucky River Coach Company, for a permit to operate its bus line over the shorter route along said highway, between the towns of Cumberland and Harlan, for which shorter route the appellant was also an applicant.

Upon the hearing called upon appellee's application, a certificate was awarded to it and refused the appellant. Thereupon the appellant brought suit in the Franklin circuit court to set aside the judgment of the commissioner. The circuit court, on hearing the case, approved the judgment of the commissioner.

Later, upon completion of the highway between the towns of Cumberland and Whitesburg, appellee applied for a permit extending its bus line from Cumberland to Whitesburg, for which permit the appellant and others were also applicants.

Upon the hearing of the commissioner upon this application, the United Coach Corporation was awarded a certificate thereover and the same again refused appellant. Thereupon the appellant brought suit in the Franklin circuit court to set aside the action of the commissioner in awarding this permit to appellee. The circuit court, on hearing the case, again approved the judgment of the commissioner in each case, and the appellant, Consolidated Coach Corporation, appeals therefrom.

The situation is roughly shown in the following map:

Cumberland is 6 miles from Lynch, 23 miles from Harlan, and about the same distance from Whitesburg and Appalachia, situated southeast of Cumberland in the Kentucky-Virginia state line.

The state highway commission constructed a high-

way from Harlan to Cumberland, which was opened to travel in 1930. Some months later, its construction was extended eastwardly from Cumberland to Whitesburg and opened to travel.

The evidence shows that at the time the appellant, Consolidated Coach Corporation, made application to the commissioner for a permit to operate its motorbus line between the towns of Harlan and Whitesburg, it then owned and operated two bus lines, under certificates awarded it by the commissioner or else acquired by transfer to it with the approval of the commissioner, both lines starting at Lexington. Its western line extended southwardly through the towns of Richmond and Corbin and thence eastwardly through Barbourville and Pineville to Harlan and its eastern line through the towns of Winchester, Jackson, and Hazard to Whitesburg and Jenkins and eastwardly beyond to Burdine, Ky.

The evidence further shows that the appellant had bought from A. Kinser its bus line from Pineville to Harlan, with which was transferred to it Kinser's earlier application made to the commissioner some two or three years prior thereto to extend his line eastwardly from the town of Harlan to Whitesburg, upon which application renewals thereof, as required, had been duly made.

It is further shown by the evidence that the appellant had acquired its certificate for its eastern line, as stated, from Wallen Bros. and others about November, 1929, and that Wallen Bros., or Harmon Wallen, had, as early as the year 1924 when the law commonly known as the "First Bus Act" (Acts 1924, c. 81) was passed, had applied for and been awarded by the state highway commission (which was given by the act the supervision and awarding of certificates of public convenience and necessity) a permit to operate motor vehicles over the state highway between the towns of Burdine, Jenkins, Whitesburg, and Aeolia to Poor Fork (since changed in name to Cumberland). Thereafter, with the passing of a new law by the 1926 General Assembly (Acts 1926, c. 112 [Ky. Stats. sec. 2739j-1 et seq.]), changing the supervision of busses from the highway commission to a commissioner of motor transportation, Griffin E. Kelly was thereunder appointed commissioner, and

recognized the validity of Wallen's permit granted by the highway commission and renewed same. This permit, it is further shown, was renewed also by the succeeding commissioner, Henry, for the years 1927, 1928, and 1929, when it was transferred to appellant. Commissioner Henry, it appears, refused to extend the permit to his assignee, the appellant, for the year 1930 over this stated route, but changed it to one going from Burdine to Jenkins, thence southwestwardly for a part of its course through Virginia, thence again through Harlan county into the town of Lynch.

It thus indisputably appears that whether or not the appellant acquired from Wallen Bros. or from the White Star Transportation Company (the name under which Wallen Bros. then operated) a permit to operate a bus line from Jenkins to Whitesburg, and thence by Aeolia to Cumberland, or one for the changed route from Jenkins by Pound Gap, Va., into the town of Lynch, it at least is shown to have owned a permit and thereunder to have operated a bus line from the town of Jenkins (nearby and connected by its bus line with Whitesburg) into the town of Lynch, situated about midway in the territory between the towns of Harlan and Whitesburg, between which termini both it and A. Kinser (whose application it owned) had made application for a certificate. It is thus clearly shown that, long prior to the hearing had in July, 1930, by the commissioner upon the application of the appellee Kentucky River Coach Company, for a permit between the towns of Cumberland and Harlan, the appellant, or those from whom it had acquired certificates, had entered into this territory through which appellee had applied for and been granted a permit, and that appellant had been serving this community under valid permits with motor vehicle transportation before the highway, traversing this territory, had been made, by costly construction, a high-type road, rendering motor transportation for hire thereover profitable.

The evidence further shows that neither of the appellee companies (which are in effect one company—practically all of the stock in each being owned by Mr. Herman White and managed by him, and since this hearing merged in one company, the appellee United Coach Corporation) had, at the time of making application for the permit between Cumberland and Harlan,

entered into this territory or were conducting any bus transportation operations whatever between the towns of Whitesburg and Harlan. They did, however, hold permits outside this territory under which they operated bus lines from the town of Corbin southwardly to Jellico, Tenn., and from La Follette, Tenn., via Prudens, to the town of Middlesboro. They did not own or operate any permits for bus transportation into, or traversing the territory between, Harlan and Whitesburg, and only after making application for a permit from Cumberland to Harlan did appellees undertake to acquire any permit or operation within this territory. It did then secure an option of purchase of a short bus line extending from Appalachia, in the Virginia-Kentucky state line, through Lynch into Cumberland, after which it then applied for a permit from Cumberland to Harlan, when, after a hearing was called thereon by the commissioner, it exercised its option by purchase of this line.

The appellant company, on the other hand, especially needed and desired to secure the permit applied for between Harlan and Whitesburg for the purpose of connecting up this gap between these western and eastern terminal towns of its two bus line systems, as thereby effecting a belt line for this territory and making for the more economical operation of an adequate through service therein. It also rested its claim to an award of such permit primarily upon the ground that the public convenience would thereby be best served and promoted if these, its two systems, were thus connected, in thus establishing and supplying the public with the convenience of through travel, general connections, and higher grade equipment for this community, than could be secured by awarding the permit to another not possessing these service advantages. On the other hand, the ruling of the commissioner in refusing this permit to appellant is rested on the ground of his finding that the appellant had no bus line to Whitesburg, and that the local convenience would be promoted by granting the permits, as they were granted, to appellees. The commissioner also decided that an additional permit should not be granted to appellant extending its line from Lynch to Cumberland, as there were then in operation two bus lines between these towns, furnishing adequate service.

Upon the award of the permit to the appellee, the appellant filed its petition in the Franklin circuit court, seeking to test the authority of the commissioner to so grant the appellee the certificate under the facts presented by the record. It alleged that the commissioner acted without and in excess of his power in granting the certificate to the appellee Kentucky River Coach Company, and in later granting upon like evidence a certificate between Cumberland and Whitesburg to the United Coach Corporation, and that the orders and awards were not made in conformity with the provisions of the law governing the granting of such certificates, and his findings of law and facts were upon such grounds attacked in its petition filed for review in the circuit court.

Upon a careful review and consideration of the record, we are of the opinion that appellant's contentions are, in the main, meritorious, as we conclude, upon the evidence here presented, that the appellant company had been operating within the territory between Harlan and Whitesburg long prior to the entrance of appellee as an operator therein, and also for the further reason that the appellant was shown by the evidence to be in a position to offer and furnish better facilities for serving and furnishing the public's convenience and necessity for through, regular, and permanent motor transportation over this territory, and thus the exercise of a reasonable discretion by the commissioner should have led him to award the applied for certificate to the appellant.

The provisions of the statute quoted, supra, we are of the opinion, as interpreted and construed by this court, clearly entitled the appellant to receive from the commissioner, upon ample evidence showing such to be the situation, an award of the certificate of public convenience and necessity between the towns of Harlan, via Cumberland, and Whitesburg; and also, as between the appellant and appellee, the former should be preferred in the award of the certificate applied for, upon the grounds both of its being in position to better serve the convenience and necessity of the public, living in this community, with both adequate local and long distance, through transportation and connections as well as because of the evidence clearly showing the appellant to have been the prior operator within this territory and to have expended large amounts of money in its

undertaking to build up and provide an adequate and first class motorbus line, with which to furnish the required and proper bus service to the end of fully meeting the transportation needs of this community. Such a showing being made by the appellant upon the commissioner's hearing of the application, appellant was thereby both justified and authorized to ask and receive an award to it of the permit applied for, to the end that it might be, through such extension and connection of its bus lines, reasonably protected in its large investments and community good will built up by its years of earlier transportation business operated and furnished for the public convenience and necessity of this community.

Of course, as was said in the case of Black Bus Line v. Consolidated Coach Corporation, 235 Ky. 559, 31 S. W. (2d) 917, 918, the statutes, as well as the rules and regulations of the commissioner, "are to be construed in the interest of the traveling public, not the operator." To like effect also see Red Star Transportation Co. v. Red Dot Coach Lines, 220 Ky. 424, 295 S. W. 419, 421; Barnes v. Consolidated Coach Corporation, 223 Ky. 465, 3 S. W. (2d) 1087. However, it may be here, in this connection, timely remembered and again stated that the question as to who or what applicant for a permit, person or corporation, shall be awarded a certificate, is one of secondary concern and importance; the dominant and paramount inquiry being whether the public's convenience and necessity calls for the awarding of a certificate to any person or corporation to operate for hire its private business of motorbus transportation over the public's highways, constructed at so great expense to them.

For as was said in Reo Bus Lines Co. v. Southern Bus Line Co., 209 Ky. 40, 272 S. W. 18, 20:

" 'The streets and highways belong to the public. They are built and maintained at public expense for the use of the general public in the ordinary and customary manner. The state, and the city as an arm of the state, has absolute control of the streets in the interest of the public. No private individual or corporation has a right to the use of the streets in the prosecution of the business of a common carrier for private gain without the consent of the state, nor except upon the terms and

conditions prescribed by the state or municipality, as the case may be. * * *' Hadfield v. Lundin, 98 Wash. 657, 168 P. 516, L. R. A. 1918B, 909, Ann. Cas. 1918C, 942.''

In the instant cases, it is agreed, and the evidence conclusively shows, a public convenience and necessity to exist for the awarding of a permit to operate a motorbus line over this newly constructed highway traversing this sparsely settled mountain country between the towns of Harlan and Whitesburg. The only question, therefore, remaining for our consideration is whether or not the commissioner, upon the evidence submitted upon the hearing, abused a reasonable discretion, with which he is vested, in awarding the certificate to the appellees, or whether his finding of facts was unsupported by and against the weight of the evidence.

From our review thereof, hereinabove briefly set forth, we are of the opinion that the commissioner erred to the prejudice of the appellant in refusing it the certificate applied for. The fact that the award of this certificate may tend to give a monopoly of the motorbus transportation service in this community and territory to appellant, by placing it in the control of this large and strong company, is not generally viewed and considered as being inimical to the public interest, inasmuch as its service rates and reasonable protective regulation are prescribed by the commissioner, but rather as tending to better serve and promote it, in that, as was by this court stated in the Red Star Transportation Co. Case, supra:

"Public service and the proper maintenance of the highways do not require the use of more busses than are sufficient to supply reasonably adequate service. Such service depends on the transportation companies making reasonable returns on their investment, and, as the rates charged must be approved by the commissioner, they cannot be made unreasonable.

"Unlimited competition would not only divide patronage, but have a tendency to lower rates to a point at which all would lose money and result in a survival of the fittest or to the bankruptcy of all to the injury and detriment of the service, hence a wide discretion is vested in the commissioner,

who is required, before granting a permit, to consider not only the public necessity and convenience of the proposed route, but also the character of existing service and the rights of others already engaged.''

However, we are further of the opinion that the commissioner's action in refusing to award appellant a permit for the operation of its bus lines between the towns of Cumberland and Lynch was proper, and the circuit court's opinion affirming the commissioner's action to such extent should be affirmed, inasmuch as the evidence showed that there existed at the time of the hearing adequate and sufficient transportation service between these two towns, which was there being adequately furnished by two transportation lines holding permits therefor. The evidence is undisputed that a schedule of a trip every hour between the two towns is maintained by one of the operators, while the other operator scheduled two daily trips through Cumberland, via Lynch and Appalachia.

Sections 2739j-3 and 2739j-4 provide that no such certificate shall be issued by the commissioner until it shall be established that the service proposed to be rendered by the applicant is not being adequately performed at the time of such application by any other person, firm, or corporation, and, further, that it shall be his duty to refuse any application for a permit over a route where there has already been two or more lines established, unless shown to the commissioner's satisfaction that the existing operations are not sufficient to take care of the traveling public and the persons holding said certificates refuse to put on sufficient service to take care of the traveling public.

The evidence in the instant case was both that adequate service is being given by those holding permits to operate busses between these towns; and also, while protesting against issuing a third permit, that they stood ready and willing to themselves increase their service now furnished if same should be needed or required of them. Therefore it must follow that, applying this rule of prohibition as set out in the statutes, and as so announced in its construction in the case of Barnes v. Consolidated Coach Corporation, supra, we conclude that the permit was rightly refused the appellant by the commissioner, thereby permitting it to in-

vade and divide the transportation business between these towns of Cumberland and Lynch by competing with the prior operators therein, who were then in good faith adequately there serving the traveling public.

However, the litigant should not be deprived of that to which he is entitled because he asks for more than he is authorized to receive under the law, especially as section 2739j-3 expressly provides that the commissioner shall have power to issue a certificate for a partial exercise only of the privileges sought.

For the reasons hereinabove stated, the judgment of the lower court should be reversed in so far as it confirms the order of the commissioner in denying a certificate to the appellant between the towns of Harlan and Whitesburg via Cumberland, and affirmed in so far as it confirms the commissioner's decision in refusing appellant a certificate to operate a motorbus line between the towns of Cumberland and Lynch.

The judgment, therefore, is affirmed in part and reversed in part, and cases remanded for proceedings consistent with this opinion.