## Black Bus Line v. Consolidated Coach Corporation.

(Decided September 26, 1930.)

(As Modified on Denial of Rehearing November 14, 1930.)

CHARLES R. LUKER for appellant.

R. W. KEENON and W. H. TOWNSEND for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

This is an appeal prosecuted by O. H. Black, owner and operator of the Black Bus Line, from a judgment of the Franklin circuit court, declining to set aside or modify the action of the commissioner of motor vehicles. The motion of appellee to dismiss the appeal is overruled. See Ky. Stats., sec. 2739j-16.

Black operates between London and Corbin under permit No. 3058. The consolidated Coach Corporation (hereinafter called C. C. C.) operates between Lexington, Ky., and Knoxville, Tenn., via London and Corbin under permit No. 3013, upon which is this indorsement:

"It is understood in the renewal of this permit that the operator (C. C. C.) is to handle no passengers between London and Corbin and vice versa and this restriction must be strictly complied with."

Black asks for the following relief, which was denied him: (a) That the busses of the C. C. C. from Lexington be required to stop and turn back at London, and those from Knoxville, to stop and turn back at Corbin, thus making London the terminus of the northern line and Corbin the terminus of the southern line, creating a gap between those two cities in the C. C. C. service and giving to Black a monopoly therein.

He is not entitled to such relief; he has overlooked the spirit of our statutes. They are to be construed in the interest of the traveling public, not the operator. So long as Black meets the needs of the public convenience the commissioner will protect his right to transport passengers between London and Corbin, and vice versa; but Black has not been given the exclusive right to use that portion of the highway and rights to transport passengers between any points north of London and any points south thereof and between any points south of Corbin and any points north thereof may be granted to others, and they have been granted to the C. C. C.

(b) If not entitled to that relief, then Black contends that if the busses operated by the C. C. C. are not required to turn back at these points, that the passengers thereon be required to alight at these points and use his service between these two cities, and if the C. C. C. busses be permitted to use the road between these cities that they be required to run empty.

This is simply another way of asking for the same thing. Black is wrong again, as will be seen by reading the latter part of the opinion in Red Diamond Bus Line Co. v. Cannon Ball Transportation Co., 233 Ky. 482, 26 S. W. (2d) 28.

One who reads the act governing the subject of motor transportation will be impressed by the number of times the word "Public" is used therein; the convenience

of the public is the chief concern of the act, and it would be rather difficult to imagine a greater inconvenience to the traveling public than would result from the adoption of either of the plans suggested by Black.

Black showed the C. C. C. had transported Harry E. Jessee from London to Corbin and had collected 50 cents therefor, also that it had transported a Mr. Burnett from London to Corbin, but the driver told Mr. Burnett he would have to pay a fare from a point north of London, and it collected from him 70 cents, the fare from Pittsburg to Corbin. When advised of that, the general manager of the C. C. C. at once sent to Mr. Black's attorney its check for $1.20 and wrote the commissioner of motor transportation a letter containing this:

"The drivers guilty of these violations were Clyde Phillips and L. E. Dyer. In the Philips case, this man had been a regular driver between Lexington and Chattanooga and had just been put on the run between Lexington and Knoxville. He claims not to have been advised of this restriction. Dyer was also a new man and claims not to have been advised of this restriction. We are refunding these two fares to Mr. Black.

"We have also issued a bulletin to all drivers, copy of which is hereto attached, and this bulletin has been placed in the hands of each driver between Lexington and Knoxville, so there can be no further cause for complaint."

The superintendent of transportation of the C. C. C. at once put out a bulletin to its drivers containing this:

"Complaint has been made that some of our drivers tell passengers that while they cannot take a fare from London to Corbin, that if they will pay additional fare to the next station, they will handle them, this should not be done.

"On through coaches between Lexington and Knoxville, it is all right to pick up passengers at London, holding tickets for points beyond Corbin, such as Pineville and Middlesboro. Likewise passengers can be picked up at Pineville and Middlesboro and carried through to London. No local passengers, however, must be picked up at London for Corbin, or at Corbin for London, or intermediate points."

562

Section 2739j-13, Ky. Stats., provides that the commissioner of motor transportation may revoke a permit after a hearing, thus showing a discretion in the commissioner, and in this case, in view of the immateriality of the C. C. C.'s violations of its permit and the promptness with which it made amendment and instructed its drivers, the commissioner did not abuse his discretion when he refused to revoke the permit of the C. C. C. Black is being fully protected in the handling of all travel originating in London or points south thereof destined for Corbin or points north thereof, and vice versa, which is all that is included in his permit.

This controversy grew out of the construction of the indorsement of permit No. 3013, in which it is written, ''The C. C. C. is to handle no passengers between London and Corbin.'' Is the prepositional phrase ''Between London and Corbin'' used as an adjective to describe the passengers or is it used as an adverb to show where no handling is to be done? The language has been correctly construed. This phrase is used here as an adjective to describe the passengers the C. C. C. must not handle.

The judgment is affirmed.