## Phillips v. Southeastern Greyhound Lines.

December 2, 1947.

Rehearing denied February 24, 1948.

Chester D. Adams, Judge.

Smith & Leary, Amos H. Eblen and Charles Wylie for appellant.

R. W. Keenon and Jim Park for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Reversing.

Appellee is the holder of a certificate of convenience and necessity, issued by the Division of Motor Transportation, authorizing it to transport passengers for hire between Lexington and Mt. Vernon, via Nicholasville, over U. S. Highway No. 27. Appellant is the holder of a certificate of convenience and necessity, issued by the Division, authorizing him to transport passengers for hire between Lexington and Wilmore, via Nicholasville, over U. S. Highway No. 27 to Nicholasville, thence

over State Highway No. 29 to Wilmore; but which certificate contains the following restriction: "No passengers are to be handled between Lexington and Nicholasville." His original certificate was issued in the year 1925. In accordance with his interpretation of the rights bestowed upon him by his restricted certificate, appellant continuously from the date of the original certificate has accepted passengers in Lexington for discharge in Nicholasville, and has accepted passengers in Nicholasville for discharge in Lexington, but has refrained from accepting passengers in either of these termini for discharge at any intervening point, and likewise has refrained from accepting passengers at any intervening point for discharge in either Lexington or Nicholasville. Appellee's original certificate was issued prior to 1937, and contains no restriction. Shortly after the issuance of appellee's original certificate, it leased to appellant its rights to accept and discharge passengers between Lexington and Nicholasville. This lease was subject to cancellation by either party upon thirty days' notice to the other, and duly was terminated by appellee on January 1, 1947.

Prior to December 18, 1946, appellee filed with the Division of Motor Transportation certain schedules for buses it proposed to operate between Lexington and Nicholasville; and on December 18, 1946, appellant filed with the Division his protest in respect to these schedules, upon the ground that they would conflict with his schedules over that territory. Pursuant to the request of the Director of the Division of Motor Transportation, representatives of appellant and appellee, and the Director, held a conference in the office of the Director on January 6, 1947, in an endeavor to arrive at an agreement in respect to the controversy. At the conclusion of the conference the Director postponed action for the purpose of permitting the interested parties to confer further and attempt to arrive at an agreement; but informed them that, if they failed to arrive at an agreement, he would call a hearing under the protest, and at that time would determine the rights of the parties.

On the ninth day of January, 1947, appellee instituted this action, seeking an injunction prohibiting appellant from accepting passengers in Lexington for discharge in Nicholasville, and from accepting passengers

in Nicholasville for discharge in Lexington. By separate paragraphs in his answer, appellant asserted three affirmative pleas in defense of the action; the Chancellor sustained demurrers to each of these paragraphs and, upon submission of the case, granted the injunction. In view of our conclusion, it is necessary for us to discuss but one ground urged for reversal of the judgment, viz.: That the Court erred in sustaining a demurrer to Paragraph II of the answer, wherein it is alleged that the matter in controversy in this action previous to the filing of the petition herein had been submitted to the Division of Motor Transportation and now is pending before it for determination, and until the rights of the parties under their respective certificates have been determined by the Director of the Division of Motor Transportation, injunctive relief may not be had for alleged violation of the restriction contained in appellant's certificate.

KRS 281.130 provides:

"Whenever any common carrier is found to be violating the provisions of this chapter, or any of the rules and regulations prescribed by the Division pursuant thereto, or any of the laws of this state touching on such carrier's operation upon the public highways, the division may, upon complaint or upon its own motion, issue its order to the carrier notifying him to appear before the division at a fixed time and place, at which time and place the division shall investigate the violation. If the division is satisfied, after a hearing, that the carrier has violated or refused to observe such laws, rules or regulations, the division may suspend, revoke, alter or amend any certificate issued to such carrier."

KRS 281.430 provides:

"At the instance of the Division of Motor Transportation, or of any person having an interest in the subject matter, the courts of this state may enjoin any person from violating any of the provisions of this chapter relating to common carriers or contract carriers, or any order, rule, regulation or requirement of the division relating to such carriers."

We perceive that under KRS 281.130 the Division of Motor Transportation has jurisdiction, upon its own

motion or upon complaint of any interested party, to determine whether any rule, regulation, or law pertaining to the operation of common carriers has been violated by the holder of a certificate, and at the conclusion of a hearing on such motion or complaint has the authority to suspend, revoke, alter, or amend any certificate issued to such carrier by it. We also perceive that under KRS 281.430 the holder of a certificate issued by the Division may enjoin a person from infringing upon the rights rendered by the certificate, whether the complaint is against the holder of another certificate or against one who has not obtained a certificate. It would be proper for the Court to entertain jurisdiction and grant injunctive relief, and in doing so to construe the rights of the parties under their respective certificates, where the Division of Motor Transportation has acted with finality and there is no proceeding pending wherein it has the right to amend the authority granted by the certificate which the Court is called upon to construe. But when a proceeding is pending before the Division wherein it has the authority to amend a certificate, it would be futile for the Court to determine the rights of the parties, should they thereafter be altered by the Division in the exercise of its sound discretion. Should the Division abuse its discretion in altering or amending, or in refusing to alter or amend, a certificate, the aggrieved party may appeal to the Franklin Circuit Court, and thence to this Court, as provided by KRS 281.410 and 281.420. City of Ashland v. Beckham, etc., 271 Ky. 96, 111 S. W. 2d 575. It must be remembered that, at the time the original restricted certificate was issued to appellant, appellee was not the holder of a certificate, and at all times after the issuance of the unrestricted certificate to appellee appellant was its lessee; therefore, there was no occasion for a controversy between these parties until the cancellation of the lease, which occurred nine days before this action was instituted and before the Division had an opportunity to determine the respective rights of the parties. The restriction in appellant's certificate was incorporated in response to a protest of the Kentucky Traction and Terminal Company, which operated an interurban electric **railway service between Lexington** and Nicholasville, but the operation of which long since has been aban-

doned. At that time appellee was not the holder of a certificate, therefore did not have the right to protest the issuance of appellant's certificate. Appellant apparently did not protest the original issuance of the certificate to appellee, and at this time does not question appellee's right to pick up and discharge passengers in any part of the territory common to both certificates; he merely protests appellee's schedules in so far as they conflict with his. It is obvious that the Division of Motor Transportation should determine the rights of the parties, and, if necessary, amend the certificate of either, as it may determine in its sound discretion will be to the benefit of the public. Until the Division has exercised its discretion in this matter as between the present holders of certificates, the courts should refuse to entertain jurisdiction of the question. This decision is in harmony with the opinions cited and relied on by appellee, and which we now will analyze.

In Reo Bus Lines Co. v. Southern Bus Line Co., 209 Ky. 40, 272 S. W. 18, the Court recognized the right of the holder of a permit, the Reo Bus Lines Company, to enjoin a non-permittee, the Southern Bus Line Company, from infringing on the rights obtained under the permit, although it denied the relief sought; but in that case no action was pending before the department authorized to issue the permit (which at that time was the State Highway Department) wherein the department had the authority to determine the respective rights of the parties; in fact, the Court decided that the operation then being conducted by the Southern Bus Line Company was not one subject to regulation by the governing authorities.

In Union Transfer & Storage Co. v. Huber & Huber et al., 265 Ky. 736, 97 S. W. 2d 609, the Division of Motor Transportation authorized Huber & Huber to infringe on the route covered by the certificate of the Union Transfer & Storage Company in a. proceeding in which the latter was not a party, and, consequently, from the decision in which it did not have the right to appeal. Because there was no adequate remedy at law, injunctive relief was granted.

In Eastridge v. Southeastern Greyhound Lines et al., 280 Ky. 392, 133 S. W. 2d 95, it appears that the

Southeastern Greyhound Lines held a certificate of convenience and necessity to transport passengers for hire on Route 60 between Lexington and Frankfort, via Versailles. Mr. Eastridge had obtained two permits, one to transport passengers for hire from Lexington on Route 50 to its intersection with Route 62, thence over Route 62 to Midway; the other from Midway over Route 62 to its intersection with Route 50, thence over Route 50 to its intersection with Route 60 approximately six miles east of Frankfort, thence over Route 60 to Frankfort. After the issuance of these permits Eastridge applied to the Division of Motor Transportation to be permitted to operate a through service between Lexington and Frankfort, via Midway, by combining the operations authorized by the two permits, thus linking the service in such manner as to parallel the through service between Lexington and Frankfort authorized by the certificate held by the Southeastern Greyhound Lines. The Director of the Division of Motor Transportation approved Eastridge's application without giving notice to his competitor, the Southeastern Greyhound Lines. The Court granted injunctive relief to the Southeastern Greyhound Lines, upon the basis that the Director of the Division of Motor Transportation had abused his discretion, and the Southeastern had no remedy at law.

In City of Ashland v. Beckham, etc., supra, the Court refused to enjoin the Division of Motor Transportation from assuming jurisdiction to entertain an application of C. E. Fannin, doing business as Blue Ribbon Lines, for a certificate of convenience and necessity authorizing him to operate a bus line for the transportation of passengers for hire over certain streets and highways named in the application. The effect of that decision is that the courts will not take jurisdiction of a controversy which is pending before a tribunal authorized to pass on the question until the tribunal so authorized has determined the question involved; and where the right of appeal exists from the decision of the tribunal passing on the question, that procedure must be followed although, as we have seen, where the right of appeal does not exist, the aggrieved party may maintain an action for injunctive relief.

Black Bus Line v. Consolidated Coach Corporation,

235 Ky. 559, 31 S. W. 2d 917; and Black Bus Line v. Consolidated Coach Corporation, 244 Ky. 740, 52 S. W. 2d 712, were appeals from decisions of the Division of Motor Transportation, via the Franklin Circuit Court.

The holdings in these opinions clearly show the instances in which injunctive relief will be granted or refused upon the application of a holder of a certificate of convenience and necessity issued by the Division of Motor Transportation: Where the Division is called upon to determine any question in respect to a certificate it has issued, or is about to issue, the courts will not interfere until the question finally has been decided by the Division. If a party is aggrieved at the final determination of the Division, and has been given an opportunity to protest at the hearing, his grievance in respect to the action of the Division will be heard by way of appeal; but where he has not been made a party to the hearing which results in a determination adverse to his rights, he may maintain an action for an injunction, upon the ground that the Division has abused its discretion. In either case, after final action by the Division, he may enjoin an adversary from infringing on the rights of a certificate held by him.

We are of the opinion that the Trial Court erred in overruling the demurrer to Paragraph II of the answer, for which reason the judgment must be, and hereby is, reversed for proceedings not inconsistent with this opinion.