# Yeary et al. v. Union Transfer & Storage Co.

February 24, 1948.

W. B. Ardery, Judge.

Hays & Hays for appellant.

Paul Mansfield and H. V. McChesney, Jr. for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—
Affirming.

For convenience appellant, Edwin N. Yeary, will be

referred to herein as Yeary; the appellee, Union Transfer & Storage Co., as Union; and the Director of the Division of Motor Transportation will be called Director.

This action involves the right of Yeary to pick up freight in Lexington and deliver it in Louisville, and to pick up freight in Louisville and deliver it in Lexington. The Director held Yeary had this right under his certificate No. 144, whereupon Union appealed to the Franklin circuit court as is provided in KRS 281.-410. There it was held this certificate gave Yeary no such right, and he appeals to this court.

In 1932 the Kentucky State Tax Commission (which was then the governing authority of motor transportation in the Commonwealth) issued certificate No. 144 to McCarty Motor Express, hereinafter called McCarty, authorizing it "to operate a motor freight line from Owingsville, Ky., to Louisville, Ky., over highway No. 60, with the privilege of handling freight at all points between Owingsville, Ky., and Lexington, Ky." On July 13, 1943, this certificate was transferred by McCarty to Yeary with the approval of the Director.

Union holds a certificate of convenience and necessity authorizing it to haul and deliver freight between Louisville and Lexington, with the restriction that it may not unload at any point between Louisville and Shelbyville. On June 22, 1945, Union filed wih the Division of Motor Transportation its protest against Yeary wherein it set out its certificate and the one held by Yeary and averred that Yeary was violating his certificate by unloading freight in Lexington which was shipped from Louisville, and asked that he be prohibited from so doing. Yeary's answer to this protest as amended was a general denial.

Yeary admits hauling freight from Louisville and delivering it in Lexington but defends on the ground that the certificate he purchased from McCarty permits him to do this, because it contains no restriction on his operation between Lexington and Louisville. The Director adopted the construction Yeary put upon this certificate and held that he could pick up freight at Lexington destined for Louisville and pick up freight

at Louisville destined for Lexington, but that he must operate between Lexington and Louisville with "closed doors." Union contends that this ruling on the part of the Director amounts to an alteration or amendment of Yeary's certificate, and it appealed to the Franklin circuit court. That court reversed the Director and directed him to enter an order prohibiting Yeary from picking up freight in Lexington destined for Louisville and picking up freight in Louisville destined for Lexington.

We have before us the narrow question of what right or privilege was granted in the original certificate issued McCarty in 1932, which he transferred to Yeary in 1943. This certificate in clear and unambiguous language grants the right "to operate a motor freight line from Owingsville, Ky., to Louisville, Ky., over highway No. 60, with the privilege of handling freight at all points between Owingsville, Ky., and Lexington Ky." It is clear from the wording of this certificate that in granting it in 1932 the Kentucky State Tax Commission intended to give to the carrier the right to operate only between Owingsville and Louisville and there could have been no loading and unloading at intermediate points had the certificate not expressly recited that the carrier might serve all intermediate points between Lexington and Owingsville. There is no room for argument as to what right this certificate bestowed.

This protest was evidently filed by Union under KRS 281.130 to prevent Yeary from violating the terms of his certificate. The Director did not have before him the question of amending the certificate as provided in KRS 281.110(1), or of removing the restriction from Lexington to Louisville because no notice was given as required by KRS 281.050 and 281.060. The power of the Director is purely statutory. Union Transfer & Storage Co. v. Huber & Huber, 265 Ky. 736, 97 S. W. 2d 609, and when he amended or removed the restriction from this certificate without following the procedure prescribed by the statutes just named, the Director exceeded his authority. Utter v. Black, 305 Ky. 135, 202 S. W. 2d 425.

Yeary is wrong when he says that under KRS 281.-410 no appeal lies to the Franklin circuit court from

the ruling of the Director in this case. This proceeding was instituted under KRS 281.130, and an appeal is expressly allowed by KRS 281.410(d) when the Director has suspended, revoked, altered, or amended or refused to amend a certificate or permit under KRS 281.130.

There is no merit in Yeary's contention that the circuit court granted more relief than was asked by Union. The protest filed by Union requested the Director to require Yeary to comply with his certificate. Instead of granting that relief the Director erroneously amended or extended the certificate to cover the unauthorized operation. On appeal the circuit court was asked to prohibit Yeary from the unauthorized operation of picking up freight in Lexington destined for Louisville, and picking up freight in Louisville destined for Lexington, and this the court did. Therefore, the circuit court granted the very relief asked, and it can not with reason be said that more relief was granted by the circuit court than was requested by Union.

For the reasons given the judgment is affirmed.