**ELDRIDGE et al. v. DUNCAN, Judge, et al.**

Court of Appeals of Kentucky.

Nov. 16, 1951.

888

Funk, Chancellor & Marshall, Frankfort, for petitioners.

Fritz Krueger, Somerset, Parker Duncan, Monticello, for respondents.

CLAY, Commissioner.

We have before us a motion to make permanent a temporary writ of prohibition heretofore issued by this Court. The objective is to prevent respondent Judge from further proceeding in a suit filed in the Wayne Circuit Court. That suit was brought to enjoin petitioners from operating under certain common carrier certificates issued to Hayes Freight Lines, Inc., and transferred by it to petitioners.

The latter, who operate Eldridge Truck Lines, had previously applied to the Department of Motor Transportation for approval of the sale and transfer to it of some of Hayes' certificates. The proceeding was protested by respondent trucking lines. The Department approved the sale and transfer, and the protesting companies appealed to the Franklin Circuit Court. That appeal is now pending there.

Eldridge has apparently undertaken, since the Department's order was issued, to operate in competition with respondent carriers in Wayne County under the transferred certificates. The injunction suit was brought to enjoin such operation. Eldridge takes the position that the Wayne Circuit Court has no jurisdiction; that it will suffer irreparable injury unless the suit is abated; and the orderly administration of justice requires the granting and continuance of this writ.

The first contention seems to be that since respondent companies appeared before the Department of Motor Transportation and appealed the case to the Franklin Circuit Court, they cannot invoke another jurisdiction to consider the same questions raised. The case of Phillips v. Southeastern Greyhound Lines, 306 Ky. 560, 208 S.W.2d 43, is cited in support of the proposition that where the Department of Motor Transportation has before it the interpretation of a certificate granted by it, the courts will not entertain jurisdiction of the same issue. However, it seems to us the questions presented in the current injunction suit are not the same ones which the Department of Motor Transportation considered, nor are they the same ones before the Franklin Circuit Court on appeal.

If that appeal involved the issuance, amendment, revocation, or suspension of a certificate, it is clear the Department's order would remain in force (for 18 months) under the provisions of KRS 281.-780, and the Wayne Circuit Court could not proceed to determine its effectiveness. That statute, however, does not cover a department order relating to sale or transfer of a certificate.

KRS 281.790 vests all the courts of this state with jurisdiction to enjoin the violation of provisions of the Motor Carrier Act or the orders of the Department. Whether or not there have been such violations, or will be, regardless of the outcome of the appeal in the Franklin Circuit Court, is not before us, nor has the Wayne Circuit Court undertaken to pass upon this question. We cannot consider the merits of the controversy in the present proceeding, but may only determine whether or not the Wayne Circuit Court has jurisdiction of the subject matter and the parties. That question must be answered in the affirmative.

Petitioners' next contention is that they will suffer irreparable injury if the Wayne Circuit Court proceeds further. This argument cuts both ways, and goes to the merits of the case pending in that court. We cannot in this proceeding determine whether petitioners or the carrier respondents will suffer the greater injury by the issuance or denial of an injunction.

Petitioners' final argument that the orderly administration of justice requires the granting of the writ is answered by the stated reasons for denying their first two contentions. The questions presented in the Franklin Circuit Court and the Wayne Circuit Court are not the same, and wheth-

er or not the Wayne Circuit Court should refuse to grant an injunction in the interest of an orderly administration of justice involves the merits of the controversy pending in that court.

For the reasons stated, the motion to make permanent the temporary writ of prohibition heretofore issued is overruled, and the temporary writ is dissolved.