**DEPARTMENT OF MOTOR TRANSP. OF KENTUCKY v. ECK MILLER TRANSFER CO. Inc., et al.**

**ARMES v. ECK MILLER TRANSFER CO., Inc., et al.**

**ECK MILLER TRANSFER CO., Inc. v. ARMES et al.**

Court of Appeals of Kentucky.

June 20, 1952.

---

A. E. Funk, Atty. Gen., J. Jerald Johnston, Asst. Atty. Gen., for Department of Motor Transp. of Kentucky.

McChesney & McChesney, Harry V. McChesney, Jr., Robert M. Pearce, Frankfort, Stanley B. Mayer, Louisville, for Eck Miller Transfer Co., Inc., et al.

McChesney & McChesney, Harry V. McChesney, Jr., Robert M. Pearce, all of Frankfort, A. E. Funk, Atty. Gen., J. Jerald Johnston, Asst. Atty. Gen., for Eck Miller Transfer Co., Inc., et al.

A. E. Funk, Atty. Gen., J. Jerald Johnston, Asst. Atty. Gen., Stanley B. Mayer, Louisville, for Armes et al.

LATIMER, Justice.

This appeal is from a judgment setting aside a final order of the Department of Motor Transportation which granted a certificate of public convenience and necessity to Guy Armes. There is included herein also an appeal from that part of the judgment which refused to grant such a certificate to Eck Miller Transfer Company, Inc., hereinafter referred to as Miller.

Guy Armes applied to the department for a certificate from Lewisport to Owensboro, to be an extension of his existing certificate between Louisville and Lewisport. The effect would be twofold: (1) permit Armes to serve all intermediate points on U. S. Highway 60 between Owensboro and Louisville, which had theretofore been permitted only as far as Lewisport, and (2) permit additional truck service between Louisville and Owensboro. Miller, who had an existing certificate to serve Louisville and Owensboro, also made application to serve all intermediate points. A hearing on these applications was set and notice was sent to all existing carriers who would be affected by the granting of the application. Armes' and Miller's applications were considered and disposed in one report, which recommended that Armes be granted a certificate between Lewisport and Owensboro. The final order of the Commissioner approved the report and recommended order granting Armes his certificate and denying Miller his certificate.

Miller appealed to the Franklin Circuit Court where the order of the Commissioner granting Armes a certificate was set aside. In his judgment the Judge stated that the Department of Motor Transportation erred in failing to give notice to common carriers, serving the route in question, that their service was inadequate and in failing to give them an opportunity to improve their service before hearing the applications herein. In the same order and for the same reason as above, the court denied Miller's prayer that he be granted a certificate. In reversing the order of the department, the court specifically reserved any questions as to the sufficiency of the evidence before the department.

The only question on this appeal, therefore, is whether or not the Department of Motor Transportation is required to give notice to existing carriers of inadequacy of and an opportunity to improve service.

The court apparently based its decision on Whittaker v. Southeastern Greyhound Lines, 314 Ky. 131, 234 S.W.2d 174, which was cited as requiring notice to existing carriers that their service is inadequate. The Whittaker case, however, specifically stated that it was not decided upon the ground of required notice but upon other grounds. Utter v. Black, 305 Ky. 135, 202 S.W.2d 425, does, however, state that such notice is required and opportunity given for improvement of service, in which Red Diamond Bus Line Co. v. Cannon Ball Transportation Co., 233 Ky. 482, 26 S.W. 2d 28, and Cannonball Transit Co. v. Sparks Bros. Bus Company, 255 Ky. 121, 72 S.W.2d 1021, are cited in support of the proposition. These two cases were based on Ky.Stats., Sec. 2739j-4, which stated: "It shall be the duty of the commissioner to refuse any application for a permit over a route where there has already been two or more lines established unless it can be shown to the satisfaction of the commissioner that the existing operations are not sufficient to take care of the traveling public". This statute has been repealed.

■ Since its power is purely statutory, the Department of Motor Transportation must follow the procedure set out in the statute. Yeary v. Union Transfer & Storage Co., 306 Ky. 684, 209 S.W.2d 77; Union Transfer & Storage Co. v. Huber & Huber, 265 Ky. 736, 97 S.W.2d 609.

Under the statutes in effect the procedure required to be followed by the Department upon the filing of an application is set out in KRS 281.625, Sec. 1, as follows:

"(1) Upon the filing of an application for a certificate or permit or for amendment or sale or transfer or change in route or abandonment of a certificate or permit, the department shall, within a reasonable time, fix the time and place for a hearing. At least thirty days before the hearing, the department shall mail written notice of the hearing, and of the right to file a protest, in accordance with the requirements of the department, to the applicant and every authorized carrier, including railroads, serving any part of the route to be served by the applicant, and to the county attorney and the county judge of each county in which the applicant proposes to render service, and to any other person who, in the opinion of the department, may be interested in or affected by the granting of the application."

■ Since the controlling statutes do not require the department to send notice to the existing carriers that their service is inadequate, it was error for the lower court so to hold.

There was some dispute in this case as to whether the 1948 or 1950 statutes govern. As the 1948 and the 1950 statutes pertaining to the procedure to be followed by the department upon the filing of an application are substantially the same, this question is immaterial to the decision in this case.

Miller also contends that the granting of a certificate to Armes was not supported by the evidence. The lower court, however, specifically reserved all questions of the sufficiency of the evidence. Therefore, that question is not before us.

Judgment reversed for proceedings consistent herewith.