**ECK MILLER TRANSFER CO., Inc. v. ARMES et al.**

Court of Appeals of Kentucky.

Oct. 16, 1952.

Harry V. McChesney, Jr., Robert M. Pearce, McChesney & McChesney, Frankfort, for plaintiff.

Stanley B. Mayer, Louisville, J. Jerald Johnston, Frankfort, for defendants.

*MILLIKEN, Justice.*

This case is before me on motion of the Eck Miller Transfer Company, Inc., for a temporary injunction to restrain Guy Armes, doing business as Armes Motor Line from exercising his rights under a certificate granted by the Department of Motor Transportation to serve all intermediate points on U. S. Highway No. 60 between Lewisport and Owensboro, as well as the termini. Because the motion involves the interpretation of enactments of the 1950 General Assembly—legislation not heretofore construed—our ruling on the motion is issued in the form of an opinion to guide members of the bar and others interested.

In 1950, the General Assembly revised the appeals provision of the statute, KRS 281.410 (1948 Edition), to read as it is now worded in KRS 281.780. Subsection (1) (b) of KRS 281.410 allowed any person who had filed a protest to the granting of an application to appeal from the granting of the permit or certificate. In the former procedure under KRS 281.410(3), an appeal to the courts was governed by the following provision where the Depart-

ment had refused to renew or had undertaken to cancel a certificate or permit:

"In the case of appeals under paragraph (c) of subsection (1) of this section, the certificate or permit shall remain in effect pending the appeal in the circuit court and in the Court of Appeals, not to exceed however a period of eighteen months from the date of the order appealed from."

In 1950 this quoted provision and subsection (1) (b) of KRS 281.410 were combined in the following provision of KRS 281.780(2):

"In the case of an appeal wherein a certificate or permit has been issued or amended or revoked or suspended,[1] the certificate or permit or its amendment shall remain in force until the final disposition of the appeal, not to exceed a period of eighteen months from the date of the order of the department appealed from."

█ It will thus be seen that the quoted subsection of the new statute, KRS 281.-780(2), governs the appeal where a certificate or permit has been issued originally as well as instances where a renewal has been refused or a suspension undertaken.

In the instant case, the Department had granted Guy Armes the certificate in question on December 14, 1950. The order granting the permit was appealed to this court and an opinion was rendered on June 20, 1952, Department of Motor Transportation of Kentucky v. Eck Miller Transfer Company, Inc., Ky., 249 S.W.2d 802, sending it back to the Franklin Circuit Court for a hearing on the merits. The Eck Miller Transfer Company, Inc., now contends that it is entitled to an injunction as a matter of right restraining Guy Armes from further operating under his permit, and bases its contention upon the peculiar wording of KRS 281.780(2), as quoted above, which stipulates that a certificate or permit which has been issued shall remain in force until the final disposition of the appeal, "not to exceed a period of eighteen months from the date of the order * *

appealed from." It is obvious that the permit which was granted on December 14, 1950, has been in effect for more than eighteen months.

Under the former law the eighteen months' provision was confined to operators under permits which the Department either cancelled or refused to renew, and was intended to afford them an opportunity to appeal the Department's order to the court without ceasing operation during the eighteen month period. Under the new law, KRS 281.650(4), the general section governing the renewal of certificates or permits, it is specified that "A certificate or permit shall not be considered as revoked or suspended when an appeal is pending in the Franklin Circuit Court or in the Court of Appeals from an order of revocation or suspension until said appeal has been decided by the courts," and the eighteen months' provision is not referred to in this new section.

It should now be noted that the language of the old section, KRS 281.410(3), to the effect that a certificate or permit shall remain in effect "pending the appeal in the circuit court and in the Court of Appeals, * * *" was changed to read "until the final disposition of the appeal" in the 1950 enactment, KRS 281.780(2). If the final disposition of the appeal requires more than eighteen months, as it did in the case at bar, this court must make its choice as to which language to enforce. It was possible under the old act for a permit to be effective "pending the appeal" not to exceed eighteen months, but it is impossible for a permit to be effective under the new act "until the final disposition of the appeal" not to exceed eighteen months if the appeal has not been finally disposed of within that time.

█ Enlightened by the history of the eighteen months' provision and confronted by the dilemma its application now presents, it is our conclusion that it is a vermiform appendix to KRS 281.780(2), and should not be permitted to infect the wholesome spirit of that statute which directs

[1]. The words "or sold or transferred" were added in 1952, S.B. 58.

that certificates or permits "shall remain in force until the final disposition of the appeal".

All members of the court concur in the view that the motion for a temporary injunction should be overruled.

It is so ordered this October 17, 1952.