BAPTIST HOSPITAL, INC. d/b/a Baptist Hospital East, Appellant,

v.

HUMANA OF KENTUCKY, INC. d/b/a Suburban Hospital; Harold Boyer, D.D.S., George Buchanan, Frank Burke, Sr., Thomas Duncan, Juanita Fleming, Ph.D., H. Glenn Joiner, Arthur Carvolt, Sister Mary Joell Overman, Frank R. Pitzer, M.D., H. Joseph Schutte, William L. Shadoan, Mars. Weldon Shouse, Mrs. Nancy Versnick, Thomas R. Watson, M.D., Steve Brown and James Gayhart, Members and Comprising the Kentucky Health Facilities and Health Services Certificate of Need and Licensure Board; and Commonwealth of Kentucky Department For Human Resources, Appellees.

Court of Appeals of Kentucky.

April 27, 1984.

Case Ordered Published
by Court of Appeals
July 6, 1984.

Donald W. Darby, William P. Swain, Boehl, Stopher, Graves & Deindoerfer, C.H. Richardson, Jr., Louisville, for appellant.

Marvin J. Hirn, Lisabeth Hughes Abramson, Greenebaum, Doll & McDonald, Louisville, for appellee, Humana of Kentucky, d/b/a Suburban Hospital.

Paul F. Fauri, Terry L. Morrison, Cabinet for Human Resources, Frankfort, for appellee, Kentucky Health Facilities and Health Services Certificate of Need and Licensure Bd.

Before CLAYTON, LESTER and WHITE, JJ.

LESTER, Judge.

This is an appeal from an order dismissing the complaint of appellant which filing had been styled a "[c]omplaint for advice and declaration of rights and for injunctive relief," and brought pursuant to the provisions of KRS 418.040 et seq. and CR 65.01.

In 1980, the General Assembly enacted what became KRS Chapter 216B which had as its prime goal the garnering of federal funds by health care facilities through the formulation of a "State Health Plan." The lofty purposes of the legislation were set forth in KRS 216B.010 as an effort:

> ... to insure that the citizens of this Commonwealth will have safe, adequate and efficient medical care; that the proliferation of unnecessary health care facilities, health services and major medical equipment results in costly duplication and underuse of such facilities, services and equipment; and that such proliferation increases the cost of quality health care within the Commonwealth.

Unfortunately, the law, much as the zoning statutes, has developed into a device whereby health care facilities, sometimes referred to as hospitals, employ various schemes to eliminate competition. It requires no great understanding of economics to at once discern that the foregoing could result in a monopoly thus putting the sick, the elderly, the maimed and the dying at the mercy of a few who can obtain the legally required licenses. Be that as it may, we now turn to the events leading to this appeal.

In early 1981, Baptist Hospital East, Jewish Hospital, and Suburban Hospital, filed applications seeking authorization to provide additional beds. In the case of the latter, there was one additional feature in that in addition to the extra beds, it also sought approval for such things as the construction of a three story tower, increase in the number of private rooms, addition of four operating rooms, addition of two radiographic/fluoroscopic rooms, addition of registration and waiting areas and conversion in the use of certain beds as well as relocation of an expanded intensive care unit. These are referred to by appellee as "ancillary services." All three applications, insofar as requests for beds were concerned, were denied, but in February, 1982, Suburban filed yet another request for the ancillary services, deleting therefrom the additional bed idea. The ancillary services application wended its way through the cumbersome administrative processes, all of which gained approval until it reached a public hearing stage, which culminated in not only recommended approval by a hearing officer but also in final approval by the group of appellees known as the Kentucky Health Facilities and

Health Services Certificate of Need and Licensure Board.

Even though appellant opposed the earlier "bed application" of Suburban, it took no part whatsoever in the administrative procedures relating to the "ancillary services application" in spite of its admitted receipt of the notice for the public hearing thereon. After the administrative steps had reached a conclusion, Baptist filed a complaint which we will review below.

Returning to the administrative arena, we note that appellant, in May, 1981, applied for permission to expand its facility by ninety-eight beds which was initially disapproved, but after extensive legal maneuvering, the Board was ordered to issue the certificate of need by the Franklin Circuit Court. The Board met on April 16, 1982, and voted the approval but the actual certificate was never issued. Both appellees in this litigation appealed that judgment to the Court of Appeals, which has now been orally argued and is awaiting decision. That action was numbered 82–CI–0754 upon the docket of the Franklin Circuit Court and 83–CA–1170 upon the docket of this court.

On June 28, 1982, Baptist filed a complaint in the trial court seeking advice, a declaration of rights and injunctive relief. In order to fully understand just what the plaintiff below sought, we must dissect its filing. After an introductory statement invoking the provisions of KRS 418.040 and CR 65.01, paragraphs five through thirteen recite the procedural history of its own bed application pointing out that that action resulted in Humana and the Board appealing to the Franklin Circuit Court (82–CI–0754). As we have noted, that cause, now 83–CA–1170, is ready for opinion by this court. Therefore, so much of appellant's relief in this case when it was pending in the Franklin Circuit Court as addressed its bed application was the subject of other litigation. Accordingly, we will make no

disposition of or deal with that matter herein.

Returning to the complaint, we observe that paragraphs sixteen through twenty-six deal with the second or ancillary services application of Suburban and it is within the framework of these allegations that Baptist attacks the jurisdiction of the Board, insufficient notice of the public hearing, inconsistency with the State Health Plan, insufficient evidence and that the Board acted in an arbitrary and capricious manner as a matter of law. Appellant also alleged immediate and irreparable injury and sought the court's advice on four issues.

The Board filed an answer admitting most of what Baptist said about its own application and denying the allegations as to Suburban's ancillary services application. Appellee-hospital filed no answer but relied upon a motion to dismiss which the court sustained upon the basis that appellant had failed to exhaust its administrative remedies. This legal quagmire is now presented to us.

■ Appellant's initial issue suggests that the doctrine of administrative remedies is inapplicable to judicial proceedings involving questions of law as opposed to questions of fact. In some instances this might be true, but Baptist rests its allegations of lack of jurisdiction upon the part of the Board in that its decision was contrary to KRS 216B.085(6) which in its entirety provides that "[t]he board's decision shall be consistent with the state health plan." Jurisdiction of the Board is found in KRS 216B.040 [1] while its power to hold hearings is set forth in KRS 216B.085(1), (2), (3) and (4). Subsections (5) and (6) merely set forth the criteria which the agency must consider in reaching its decision and have nothing to do with jurisdiction. In other words, whether the Board's decision was consistent with the state health plan is an issue of fact which is the proper subject of an appeal rather than that of a declaratory judgment action. This being our view,

1. All sections of KRS Chapter 216B referred to herein were those in effect prior to the 1982 amendments.

then we are unpersuaded that appellant raised an issue purely legal in nature in the Franklin Circuit Court.

 Appellant's next contention is that the rule requiring exhaustion of administrative remedies is inapplicable "where no administrative remedy is provided." Baptist takes this position in spite of its argument, by way of brief, to the effect that:

> Although the Board notified Baptist of the Suburban application and of the hearing date by mailing a list of "docket entries" to all the health care providers in the state, such mailings cannot operate to deny Baptist access to the courts. Baptist was not a party to these proceedings, and even though Baptist may have been able to obtain permission to participate in the hearing, it was not required to exercise this option to the exclusion of its legal remedies.

There is no denial that appellant was aware of the proceedings surrounding Suburban's application and there is no doubt that Baptist had a right, as opposed to seeking permission, to participate. KRS 216B.085(1) and (3). Even though appellant was not required to make an appearance, it was necessary to do so if it wanted to seek relief in the courts. To hold otherwise would completely dilute our system of administrative hearing procedures and dump that plethora of work on the already heavily taxed court system. The simple fact of the matter is that for some unexplained reason, appellant sat on its administrative rights and now seeks to correct its error by complaint in the circuit court. This we cannot condone.

Appellant's reliance upon *Union Transfer & Storage Co. v. Huber & Huber*, 265 Ky. 736, 97 S.W.2d 609 (1936) and *Phillips v. Southeastern Greyhound Lines*, 306 Ky. 560, 208 S.W.2d 43 (1948), is misplaced. In the first case, there was a *renewal* of a certificate as opposed to an original issuance and the court held that the appellant carrier had no interest therein. In the case at bar, the statute gives Baptist an interest as an affected health care facility in the area. Moreover, in *Union Transfer* the appeals tribunal ordered the lower court to issue the injunction for irregularities attendant upon the renewal which had nothing to do with Union Transfer & Storage Company. In *Phillips, supra,* there was a specific statute (KRS 281.430) authorizing that appellant to seek relief in the courts. Neither decision aids Baptist Hospital East.

The judgment is affirmed.

All concur.